Octavio Orlando RODRIGUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–99–531–CR.

Court of Appeals of Texas, Corpus Christi.

Feb. 8, 2001.

182

Reynaldo M. Merino, Attorney at Law, McAllen, for Appellant.

Theodore C. Hake, Asst. Crim. Dist. Atty., Edinburg, for the State.

Before Justices DORSEY, RODRIGUEZ, and SEERDEN.[1]

**OPINION**

Opinion by Justice RODRIGUEZ

Octavio Orlando Rodriguez, appellant, pleaded guilty pursuant to a plea-bargain agreement to the offense of aggravated robbery with a habitual felony offender enhancement. *See* TEX.PENAL CODE ANN. § 29.03 (Vernon 1994); *see also* TEX.PEN. CODE ANN. § 12.42(b)(Vernon Supp.2001). The trial court followed the plea bargain agreement and sentenced appellant to thirty years confinement. On appeal, appellant complains the trial court lacked jurisdiction to enter the judgment because there was no valid indictment. We abate the appeal and remand the case to the trial court, with instructions that it conduct a hearing to determine whether its entry of a written order purporting to grant a motion to quash was a clerical error.

The facts giving rise to the offense are not in dispute. Appellant was indicted in February of 1999. On March 18, 1999, appellant filed a motion to quash the indictment, urging the court to set aside all counts of the indictment, and the State filed a motion in limine. The court held a hearing on both motions on April 13, 1999. The court orally granted the motion in limine, and shortly thereafter orally denied the motion to quash. Appellant reurged the motion to quash during the hearing, and again the trial court orally denied the motion.[2] The order on appellant's motion to quash in the clerk's record, however, purports to grant the motion to quash. The record reflects that the court circled the word "GRANTED" twice, placed a line through "DENIED" twice, and signed the order.[3] The court did not sign the order for the motion in limine.

Despite the written order ostensibly quashing the indictment, the State and appellant proceeded to trial. At the close of the State's evidence on April 14, 1999, appellant reurged his motion to quash, which the trial court again denied.[4] On April 15, after announcing that "Defense is ready to proceed," and after a discussion of the jury charge, appellant entered a plea of guilty under a plea bargain agreement. During this hearing, the following colloquy between the trial judge and appellant transpired:

> THE COURT: Let me call for rearraignment CR–212–99–B, State vs. Octavio Orlando Rodriguez. Your name is Octavio Orlando Rodriguez?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Mr. Rodriguez, you've been indicted in Cause No. CR–212–99–B, for the offense of aggravated robbery, sir. Do you understand that?

---

1. Retired Justice Robert J. Seerden assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX.GOV'T CODE ANN. § 74.003 (Vernon 1998).

2. The docket sheet does not reflect whether the court granted or denied the motion to quash on this date.

3. The order provides, in relevant part:
   Defendant's Motion to Quash Indictment and Motion to Dismiss [w]ith Prejudice having been presented to the Court, and the Court after considering same, is of the opinion that the motion to set aside and quash all counts of the indictment is hereby GRANTED/DENIED. The Court is also of the opinion that the motion to dismiss the pending case with prejudice is hereby GRANTED/DENIED.
   The word "GRANTED," is circled in both locations, and the word "DENIED," is crossed-out.

4. The docket sheet for this date reflects the trial court denied the motion to quash.

THE DEFENDANT: Yes, Your Honor.

THE COURT: And you've been pleading not guilty, Mr. Rodriguez up until right now; is that correct, sir?

THE DEFENDANT: Yes, Honor.

THE COURT: Did you want to change your plea to guilty this morning, sir?

THE DEFENDANT: Yes, sir.

Appellant never complained to the trial court that it lacked jurisdiction to proceed with the trial or to enter judgment.

■ We must first determine whether appellant invoked the jurisdiction of this Court by filing his notice of appeal. To invoke appellate jurisdiction from a judgment rendered on a defendant's plea of guilty pursuant to a plea bargain agreement, and in which the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, an appellant must file a notice of appeal specifying that:

(A) ... the appeal is for a jurisdictional defect;

(B) ... the substance of the appeal was raised by written motion and ruled on before trial; or

(C) ... the trial court granted permission to appeal.

TEX.R.APP.P. 25.2(b)(3).[5] The form of the notice of appeal must properly perfect the appeal, and the record must, in fact, support the allegation of jurisdiction. *Lyon v. State*, 872 S.W.2d 732, 736–37 (Tex.Crim. App.1994); *Jones v. State*, 07–98–0411–CR, 2000 WL 1198886 *2 (Tex.App.—Amarillo 2000, no pet. h.). "In other words, if Rule 25.2(b)(3) is applicable, then for an appellate court to have its jurisdiction invoked over a matter, compliance with Rule 25.2(b)(3) is required as to both form and substance." *Jones v. State*, 2000 WL 1198886 *2.

In this case, the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant. Appellant filed a notice of appeal contending the trial court granted permission to appeal. The record, however, does not support this allegation. Consequently, appellant did not invoke the jurisdiction of this Court on that basis.

■ However, the gravamen of appellant's complaint in his brief to this Court is that the trial court lacked jurisdiction to enter judgment when appellant was not charged with a valid indictment. Appellant did not specify in his notice of appeal that he was challenging a jurisdictional defect as required by rule 25.2(b)(3)(A). Nevertheless, it is well settled that jurisdictional issues may be raised at any time by the parties or the court and are not subject to waiver. *Ex parte Smith*, 650 S.W.2d 68, 69 (Tex.Crim.App.1981); *Lackey v. State*, 574 S.W.2d 97, 100 (Tex.Crim. App.1978).

■ There is a split of authority among the courts of appeals regarding whether an appellant's failure to comply with the notice requirements of rule 25.2(b)(3)(A) leaves a court of appeals without jurisdiction to consider a jurisdictional issue. *Compare Lopez v. State*, 25 S.W.3d 926, 928 (Tex.App.—Houston [1st. Dist.] 2000, no pet.) (reaching jurisdictional issue despite appellant's general notice of appeal) *and Martinez v. State*, 5 S.W.3d 722, 724–25 (Tex.App.—San Antonio 1999, no pet.) (holding court of appeals may reach juris-

---

**5.** A party may also challenge the voluntariness of a plea under a general notice of appeal, even though the plea was pursuant to a plea bargain honored by the trial court.

*Flowers v. State*, 935 S.W.2d 131, 133–34 (Tex.Crim.App.1996); *Marshall v. State*, 28 S.W.3d 634, 637–38 (Tex.App.—Corpus Christi 2000, no pet.).

dictional issue despite failure to comply with notice requirement in rule) *with Trollinger v. State,* 987 S.W.2d 166, 167 (Tex. App.—Dallas 1999, no pet.) (not permitting jurisdictional challenge where appellant did not state in notice of appeal that appeal was for jurisdictional defect) and *Hernandez v. State,* 986 S.W.2d 817, 819 (Tex. App.—Austin 1999, pet. ref'd) (in dicta) (same). We hold that an appellant's failure to comply with the notice requirement in rule 25.2(b)(3)(A) does not deprive this Court of jurisdiction to consider jurisdictional issues. In reaching this holding, we adhere to the long-standing rule that jurisdiction can be raised at any time and cannot be waived.

■ We thus proceed to the merits of appellant's jurisdictional complaint. Appellant contends the trial court granted the motion to quash the indictment with prejudice, and consequently, the trial court was without jurisdiction to enter appellant's conviction. Article I, section 10 of the Texas Constitution states that "no person shall be held to answer for a criminal offense unless on an indictment of a grand jury." TEX. CONST. art I, § 10. To invest a court with jurisdiction over a criminal case, a charging instrument must be filed with the trial court. TEX. CONST. art. V, § 12(b); *McAfee v. State,* 363 S.W.2d 941 (Tex.Crim.App.1963); *Thomas v. State,* 751 S.W.2d 601, 602 (Tex.App.—Texarkana 1988, pet. ref'd). Once a trial court quashes an indictment, it lacks authority to reinstate it, even if the order quashing the indictment was based on an erroneous interpretation of law. *Prochazka v. State,* 878 S.W.2d 230, 232 (Tex.App.—Corpus Christi 1994, no pet.). When a court has no jurisdiction, it has no power to act, and any action taken in the absence of jurisdiction is void. *Smith v. State,* 801 S.W.2d 629, 631 (Tex.App.—Dallas 1991, no pet.). Accordingly, if the trial court in this case quashed the motion by its written order of April 13, 1999, the trial court lacked jurisdiction to proceed with a trial or to enter judgment, and the judgment finding appellant guilty and sentencing him to confinement is void.

■ The dispositive issue in this case, therefore, is whether the trial court quashed the indictment. Generally, a written order controls over an oral pronouncement. *Eubanks v. State,* 599 S.W.2d 815, 817 (Tex.Crim.App. [Panel Opin.] 1980); *Francis v. State,* 792 S.W.2d 783, 784 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd); *Manz v. State,* 787 S.W.2d 580, 582 (Tex.App.—Houston [1st Dist.] 1990, no pet.). Notwithstanding this general principle, the State contends the court's written order purporting to grant the motion to quash was a clerical error, and, therefore, the indictment was not quashed.[6] As the State notes, the parties and the trial court behaved in a manner consistent with the motion to quash having been denied. First of all, rather than dis-

---

6. The State also urges that we overrule appellant's issue on the ground that "when there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls." *Coffey v. State,* 979 S.W.2d 326, 328 (Tex.Crim.App.1998). The State's reliance upon *Coffey* is misplaced. The Court of Criminal Appeals arrived at its holding in *Coffey* only after observing that the time for appeal from a judgment of conviction begins when the sentence is imposed in open court, and not when the written judgment/sentence is signed. *Id.* The appellate timetable from an order quashing an indictment, by contrast, begins running upon the signing of the order, and not upon the oral pronouncement. *See State v. Rosenbaum,* 818 S.W.2d 398 (Tex. Crim.App.1991) (time for filing the State's notice of appeal under 44.01(d) runs from the date the trial judge signs the appealable order). *Coffey* is, therefore, inapposite to the present case.

missing the case, the parties proceeded to trial. In addition, appellant renewed his motion to quash, which the trial court again orally denied. When the trial court accepted appellant's plea of guilty, appellant acknowledged he had been indicted for aggravated robbery and chose to plead guilty to that charge. In fact, the reporter's record of the hearing on the motion to quash and the motion in limine tends to suggest that the trial court's granting of the motion to quash by written order was inadvertent.

■ Clerical errors in both judgments and orders are subject to being corrected. *English v. State*, 592 S.W.2d 949, 955–56 (Tex.Crim.App.1980); *Smith*, 801 S.W.2d at 633. An error is clerical in nature if it did not come about as the product of judicial reasoning. *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex.Crim.App. 1980). Whether an error is judicial or clerical in nature is a question of law. *Id.; Allen v. State*, 20 S.W.3d 164, 165 (Tex. App.—Texarkana 2000, no pet. h.). The purpose of a *nunc pro tunc* order is to reflect correctly the judgment or order actually rendered by the court, which for some reason was not entered of record at the proper time, and to reflect the truth of what actually occurred. *Alvarez*, 605 S.W.2d at 617; *Smith*, 801 S.W.2d at 633.

Several courts have found signed orders that conflicted with oral pronouncements to be clerical errors. *English v. State*, 592 S.W.2d 949, 954–55 (Tex.Crim.App.1980) (trial court's mistakenly signing order form granting a new trial was clerical error; "[t]he signing of an order form is not all there is to granting a new trial"); *Galvan v. State*, 995 S.W.2d 764, 765 (Tex. App.—San Antonio 1999, no pet.) (finding clerical error where court orally denial plea of double jeopardy, but signed a written order with the "granted" line checked-off, and "evidence in the record indicate[d]

that the oral pronouncement was the correct manifestation of the court's intention"); *Jiminez v. State*, 953 S.W.2d 293, 295 (Tex.App.—Austin 1997, pet. ref'd) (finding clerical error where "record clearly reflect[ed] that the district court overruled the motion to quash and that the written order granting the motion was mistakenly signed by the court"). Generally, those cases involved a *nunc pro tunc* order and a hearing in which the judge explained the circumstances making the judgment or order a clerical error. *See English*, 592 S.W.2d at 955 (hearing was held in which judge testified he signed order by mistake); *Jiminez*, 953 S.W.2d at 295 (record included *nunc pro tunc* order reciting that written order was signed inadvertently).

■ Here, although the record suggests the trial court did not intend to grant the motion to quash, there has been no such determination at the trial level; the parties never raised the issue before the court. Accordingly, we remand this case to the trial court for it to conduct a hearing, not later than thirty days from the date of this judgment, in order to determine whether its entry of the written order purporting to grant the motion to quash was a clerical error. *See Smith v. State*, 801 S.W.2d 629, 633 (Tex.App.— Dallas 1991, no pet.) (remanding for trial judge to make fact determinations as to whether order reflected what actually occurred; acknowledging that although determining whether error is clerical or judicial is question of law, court of appeals does not make fact determinations). If the court finds that the entry of such order was clerical error, it should enter a *nunc pro tunc* order correcting the same. The reporter's record of the hearing and any findings of facts related to the trial court's actions, together with any modifications to

the clerk's record should then promptly be forwarded to this Court.

We ABATE the appeal and REMAND to the trial court for it to conduct a hearing consistent with this opinion.