TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00648-CR






Edward Nathaniel Miller, Appellant



v.



The State of Texas, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT

NO. 3013028, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 In a single point of error, appellant Edward Nathaniel Miller appeals from four
judgments convicting him of aggravated robbery. See Tex. Pen. Code Ann. § 29.03 (West 2003). 
Because the jury returned a single guilty verdict on the offense, appellant asks this Court to reform
the judgments to reflect a single judgment of conviction or alternatively to remand to the district
court for reformation. The State has responded by filing a motion to abate the appeal so as to enable
the district court to determine whether any of its judgments arose from or reflect clerical errors and,
if so, to enable the district court to enter an appropriate nunc pro tunc judgment. We will grant the
State's motion, abate the appeal, and remand the case to the district court. 

 The facts in this case are not in controversy. On August 9, 2001, Charles Wendland,
a seventy-six year-old man, left a restaurant and walked through the parking lot to retrieve his car. 
When Wendland was about ten feet from his car, appellant approached Wendland from behind, held
a sharp object against his back, and demanded Wendland's wallet and keys. Wendland handed these
items to appellant, at which time an accomplice approached, also from behind. Appellant handed
the car keys to the accomplice, and the two drove away from the scene in Wendland's car. They
drove to a Wal-Mart where they shopped with Wendland's credit card. When they left the Wal-Mart, they drove the car over a curb and destroyed the front two tires. They then abandoned the car
and fled on foot.

 A grand jury indicted appellant on November 16, 2001. The indictment alleged two
alternate theories for establishing the offense of aggravated robbery. In one paragraph, it alleged the
elements of robbery and that appellant intentionally and knowingly threatened and placed Wendland,
a person sixty-five years of age or older, in fear of imminent bodily injury and death. See Tex. Pen.
Code Ann. § 29.03(a)(3)(A). Another paragraph of the indictment alleged that appellant robbed 
Wendland while using and exhibiting a deadly weapon. See id. § 29.03(a)(2). The indictment used
the terms "Count I" and "Count II" to designate the two theories. The indictment also alleged three
previous convictions of appellant: one for aggravated robbery, one for burglary of a habitation, and
one for possession of a controlled substance. See id. §§ 29.03, 30.02; Tex. Health & Safety Code
Ann. § 481.1151 (West Supp. 2003). Prior to the commencement of the trial on the merits, and
before the jury had been sworn, the State made an oral motion urging that it sought only one
conviction for the aggravated robbery offense. The State's motion requested that Counts I and II of
the indictment be designated as Paragraphs I and II. There was no objection from the defense. (1)

 Trial before a jury began on August 20, 2002. At trial, appellant pleaded not guilty. 
The district court submitted a charge to the jury to determine appellant's guilt or innocence of
aggravated robbery. The charge mirrored the language of the penal code and offered the two theories
of conviction as alternate methods of conviction. (2) The jury returned a guilty verdict and, because
it received a broad-form jury charge, did not indicate under which theory it convicted. The district
court then submitted to the jury a charge asking them to find for the purpose of enhancing the
punishment whether or not the allegations of two of appellant's previous convictions were true and
to set punishment. (3) The jury found both allegations to be true and set punishment at fifty years'
confinement in the Texas Department of Criminal Justice, Institutional Division. The district court
issued four judgments as a result of these jury findings: two judgments of conviction on "Count I"
with the enhancements of both previous charges, and two judgments of conviction on "Count II,"
also with the enhancements of the previous charges. 

 A trial court must enter a judgment on the verdict. Tex. Code Crim. Proc. art. 37.12
(West 1981). A judgment documents the facts and events leading to conviction or acquittal and does
not constitute the conviction or acquittal itself. Ex parte George, 913 S.W.2d 523, 526 (Tex. Crim.
App. 1995). Rather, it is the written declaration of the court showing acquittal or conviction. Tex.
Code Crim. Proc. art. 42.01, § 1 (West Supp. 2003). If a defendant receives multiple convictions
in a single trial, those verdicts may be memorialized in multiple judgments. Morales v. State, 974
S.W.2d 191, 192 (Tex. App.--San Antonio 1998, no pet.). In this case, the jury returned only one
verdict, but the district court entered four judgments. Thus, appellant argues that the district court
erred by issuing four judgments based on one guilty verdict for one event and that we should reform
the judgments as a result. The State agrees that the district court erred, but moves that we abate the
appeal because the proper remedy is for this Court to order the district court to hold a hearing to
determine whether clerical errors may have occurred, and if so, to enter a nunc pro tunc judgment
that accurately reflects the findings of the jury. (4) 

 Clerical errors in judgments are subject to correction. English v. State, 592 S.W.2d
949, 955-56 (Tex. Crim. App. 1980). A clerical error is one which does not result from judicial
reasoning. Id. Thus, a judgment may reflect a clerical error when it incorrectly records the judgment
rendered, so long as a product of judicial reasoning is not involved. Alvarez v. State, 605 S.W.2d
615, 617 (Tex. Crim. App. 1980). A trial court may correct clerical errors in the entry of a judgment
through the entry of a judgment nunc pro tunc. Curry v. State, 720 S.W.2d 261, 262 (Tex.
App.--Austin 1986, pet. ref'd). The purpose of a nunc pro tunc judgment is to reflect correctly the 

judgment actually rendered by the court, even though that judgment was not properly entered of
record, and to reflect the truth of what actually occurred in the trial court. Alvarez, 605 S.W.2d at
617. Although the determination of a clerical error is a question of law, its resolution requires the
examination of factual questions which are not for a court of appeals to consider. Smith v. State, 801
S.W.2d 629, 633 (Tex. App.--Dallas 1991, no pet.). Thus, to issue a nunc pro tunc order, a trial
court should normally hold a hearing in which the judge explains the circumstances which make the
judgment or order a clerical error. See English, 592 S.W.2d at 955 (indicating that a hearing was
held in which the judge testified that he signed the order by mistake); Jiminez v. State, 953 S.W.2d
293, 295 (Tex. App.--Austin 1997, pet. ref'd) (noting that the record included a nunc pro tunc order
reciting that the written order was signed by mistake); see also Rodriguez v. State, 42 S.W.3d 181,
186 (Tex. App.--Corpus Christi 2001, no pet.) (ordering the trial court to hold a hearing to
determine clerical error). 

 In this case, the parties agreed on the record to reform the indictment to reflect that
the State only sought to charge appellant with one crime. Additionally, the charge of the court
reflected this agreement, and the jury returned only one verdict. Three of the four judgments each
contain at least one defect. The first judgments on "Count I" and "Count II" each reflect that the
offense occurred on August 21, 2002, which is in fact the date of the verdict rather than the date of
the offense. In addition, the second judgment on "Count II" reflects an affirmative finding by the
jury on the use of a deadly weapon, when in fact the record does not reflect such a finding. Each
judgment carried with it a punishment of fifty years. The record thus suggests that the district court
did not intend to enter four judgments on a single jury verdict, and that a clerical mistake likely 
occurred. Accordingly, we grant the motion to abate the appeal and remand the case to the district
court to conduct a hearing to determine whether its entry of four judgments memorializing the single
jury verdict was a clerical error. See Rodriguez, 42 S.W.3d at 186; Smith, 801 S.W.2d at 633. If the
court finds that the entry of four judgments was a clerical error, it shall enter a nunc pro tunc
judgment to reflect the verdict of the jury. The record from this hearing, including a transcription
of the reporter's notes and a copy of any nunc pro tunc judgment, shall be filed as a supplemental
appellate record no later than thirty days from the date of this opinion. The appeal will be returned
to the Court's active docket upon the filing of the supplemental record. 

 We abate the appeal and remand to the district court for it to conduct a hearing
consistent with this opinion.



 __________________________________________

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Abated and Remanded

Filed: May 8, 2003

Do Not Publish
1. No written order was entered by the district court reflecting the changes. In general, a
written order controls over an oral pronouncement. Eubanks v. State, 599 S.W.2d 815, 817 (Tex.
Crim. App. 1980). However, in this case, no party submitted a written motion, and all parties agreed
orally to reform the indictment. No party on appeal argues that we should only consider the
indictment as it was originally written. We will therefore consider the motions made at trial to
indicate the intent of the State to charge only one crime and to seek only one verdict.
2. The charge read, in part, that a person commits the offense of aggravated robbery if he
commits the act of robbery and he "(1) uses or exhibits a deadly weapon; or (2) threatens or places
another person in fear of imminent bodily injury or death, if the other person is 65 years of age or
older."
3. The court did not ask the jury to determine the truth of the allegation of a previous
conviction for possession of a controlled substance. 
4. We note that the State has already filed a motion for clarification of the record with the
district court to "enter an order voiding all four of the judgments previously issued by the Court and
also enter a nunc pro tunc judgment that accurately reflects the findings of the jury."