# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00648-CR

**Edward Nathaniel Miller, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT NO. 3013028, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In a single point of error, appellant Edward Nathaniel Miller appeals from four judgments convicting him of aggravated robbery. *See* Tex. Pen. Code Ann. ' 29.03 (West 2003). Because the jury returned a single guilty verdict on the offense, appellant asks this Court to reform the judgments to reflect a single judgment of conviction or alternatively to remand to the district court for reformation. The State has responded by filing a motion to abate the appeal so as to enable the district court to determine whether any of its judgments arose from or reflect clerical errors and, if so, to enable the district court to enter an appropriate *nunc pro tunc* judgment. We will grant the State=s motion, abate the appeal, and remand the case to the district court.

The facts in this case are not in controversy. On August 9, 2001, Charles Wendland, a seventy-six year-old man, left a restaurant and walked through the parking lot to retrieve his car. When Wendland was about ten feet from his car, appellant approached Wendland from behind, held a sharp object against his back, and demanded Wendland=s wallet and keys. Wendland handed these items to appellant, at which time an accomplice approached, also from behind. Appellant handed the car keys to the accomplice, and the two drove away from the scene in Wendland=s car. They drove to a Wal-Mart where they shopped with Wendland=s credit card. When they left the Wal-Mart, they drove the car over a curb and destroyed the front two tires. They then abandoned the car and fled on foot.

A grand jury indicted appellant on November 16, 2001. The indictment alleged two alternate theories for establishing the offense of aggravated robbery. In one paragraph, it alleged the elements of robbery and that appellant intentionally and knowingly threatened and placed Wendland, a person sixty-five years of age or older, in fear of imminent bodily injury and death. *See* Tex. Pen. Code Ann. ' 29.03(a)(3)(A). Another paragraph of the indictment alleged that appellant robbed Wendland while using and exhibiting a deadly weapon. *See id.* ' 29.03(a)(2). The indictment used the terms ACount I@ and ACount II@ to designate the two theories. The indictment also alleged three previous convictions of appellant: one for aggravated robbery, one for burglary of a habitation, and one for possession of a controlled substance. *See id*. ' ' 29.03, 30.02; Tex. Health & Safety Code Ann. ' 481.1151 (West Supp. 2003). Prior to the commencement of the trial on the merits, and before the jury had been sworn, the State made an oral motion urging that it sought only one conviction for the aggravated robbery offense. The

2

State=s motion requested that Counts I and II of the indictment be designated as Paragraphs I and II. There was no objection from the defense.[1]

Trial before a jury began on August 20, 2002. At trial, appellant pleaded not guilty. The district court submitted a charge to the jury to determine appellant=s guilt or innocence of aggravated robbery. The charge mirrored the language of the penal code and offered the two theories of conviction as alternate methods of conviction.[2] The jury returned a guilty verdict and, because it received a broad-form jury charge, did not indicate under which theory it convicted. The district court then submitted to the jury a charge asking them to find for the purpose of enhancing the punishment whether or not the allegations of two

_____

[1] No written order was entered by the district court reflecting the changes. In general, a written order controls over an oral pronouncement. *Eubanks v. State*, 599 S.W.2d 815, 817 (Tex. Crim. App. 1980). However, in this case, no party submitted a written motion, and all parties agreed orally to reform the indictment. No party on appeal argues that we should only consider the indictment as it was originally written. We will therefore consider the motions made at trial to indicate the intent of the State to charge only one crime and to seek only one verdict.

[2] The charge read, in part, that a person commits the offense of aggravated robbery if he commits the act of robbery and he A(1) uses or exhibits a deadly weapon; or (2) threatens or places another person in fear of imminent bodily injury or death, if the other person is 65 years of age or older.@

of appellant=s previous convictions were true and to set punishment.[3]  The jury found both allegations to be true and set punishment at fifty years= confinement in the Texas Department of Criminal Justice, Institutional Division.  The district court issued four judgments as a result of these jury findings: two judgments of conviction on ACount I@ with the enhancements of both previous charges, and two judgments of conviction on ACount II,@ also with the enhancements of the previous charges.

---

[3] The court did not ask the jury to determine the truth of the allegation of a previous conviction for possession of a controlled substance.

4

A trial court must enter a judgment on the verdict. Tex. Code Crim. Proc. art. 37.12 (West 1981). A judgment documents the facts and events leading to conviction or acquittal and does not constitute the conviction or acquittal itself. *Ex parte George*, 913 S.W.2d 523, 526 (Tex. Crim. App. 1995). Rather, it is the written declaration of the court showing acquittal or conviction. Tex. Code Crim. Proc. art. 42.01, ' 1 (West Supp. 2003). If a defendant receives multiple convictions in a single trial, those verdicts may be memorialized in multiple judgments. *Morales v. State*, 974 S.W.2d 191, 192 (Tex. App.CSan Antonio 1998, no pet.). In this case, the jury returned only one verdict, but the district court entered four judgments. Thus, appellant argues that the district court erred by issuing four judgments based on one guilty verdict for one event and that we should reform the judgments as a result. The State agrees that the district court erred, but moves that we abate the appeal because the proper remedy is for this Court to order the district court to hold a hearing to determine whether clerical errors may have occurred, and if so, to enter a *nunc pro tunc* judgment that accurately reflects the findings of the jury.[4]

Clerical errors in judgments are subject to correction. *English v. State*, 592 S.W.2d 949, 955-56 (Tex. Crim. App. 1980). A clerical error is one which does not result from judicial reasoning. *Id*. Thus, a judgment may reflect a clerical error when it incorrectly records the judgment rendered, so long as a product of judicial reasoning is not involved. *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App.

---

[4] We note that the State has already filed a motion for clarification of the record with the district court to Aenter an order voiding all four of the judgments previously issued by the Court and also enter a *nunc pro tunc* judgment that accurately reflects the findings of the jury.@

5

1980). A trial court may correct clerical errors in the entry of a judgment through the entry of a judgment

*nunc pro tunc*. *Curry v. State*, 720 S.W.2d 261, 262 (Tex. App.CAustin 1986, pet. ref=d). The

purpose of a *nunc pro tunc* judgment is to reflect correctly the

judgment actually rendered by the court, even though that judgment was not properly entered of record, and

to reflect the truth of what actually occurred in the trial court. *Alvarez*, 605 S.W.2d at 617. Although the

determination of a clerical error is a question of law, its resolution requires the examination of factual

questions which are not for a court of appeals to consider. *Smith v. State*, 801 S.W.2d 629, 633 (Tex.

App.CDallas 1991, no pet.). Thus, to issue a *nunc pro tunc* order, a trial court should normally hold a

hearing in which the judge explains the circumstances which make the judgment or order a clerical error.

*See English*, 592 S.W.2d at 955 (indicating that a hearing was held in which the judge testified that he

signed the order by mistake); *Jiminez v. State*, 953 S.W.2d 293, 295 (Tex. App.CAustin 1997, pet.

ref=d) (noting that the record included a *nunc pro tunc* order reciting that the written order was signed by

mistake); *see also Rodriguez v. State*, 42 S.W.3d 181, 186 (Tex. App.CCorpus Christi 2001, no pet.)

(ordering the trial court to hold a hearing to determine clerical error).

In this case, the parties agreed on the record to reform the indictment to reflect that the

State only sought to charge appellant with one crime. Additionally, the charge of the court reflected this

agreement, and the jury returned only one verdict. Three of the four judgments each contain at least one

defect. The first judgments on ACount I@ and ACount II@ each reflect that the offense occurred on August

21, 2002, which is in fact the date of the verdict rather than the date of the offense. In addition, the second

judgment on ACount II@ reflects an affirmative finding by the jury on the use of a deadly weapon, when in

fact the record does not reflect such a finding. Each judgment carried with it a punishment of fifty years. The record thus suggests that the district court did not intend to enter four judgments on a single jury verdict, and that a clerical mistake likely occurred. Accordingly, we grant the motion to abate the appeal and remand the case to the district court to conduct a hearing to determine whether its entry of four judgments memorializing the single jury verdict was a clerical error. *See Rodriguez*, 42 S.W.3d at 186; *Smith*, 801 S.W.2d at 633. If the court finds that the entry of four judgments was a clerical error, it shall enter a *nunc pro tunc* judgment to reflect the verdict of the jury. The record from this hearing, including a transcription of the reporter=s notes and a copy of any *nunc pro tunc* judgment, shall be filed as a supplemental appellate record no later than thirty days from the date of this opinion. The appeal will be returned to the Court=s active docket upon the filing of the supplemental record.

We abate the appeal and remand to the district court for it to conduct a hearing consistent with this opinion.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Abated and Remanded

Filed:   May 8, 2003

Do Not Publish

7