In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00099-CV


______________________________




PRESBY T. MARTIN AND THELMA R. MARTIN, Appellants



V.



NISSAN MOTOR ACCEPTANCE CORPORATION, Appellee




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 02C0716-202




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Presby T. Martin and Thelma R. Martin have appealed from a judgment rendered against
them in a lawsuit brought by the Nissan Motor Acceptance Corporation in connection with a loan
and the purchase of an automobile. The summary judgment specifically grants relief against
defendant, Presby Martin. It does not contain a Mother Hubbard clause.

 The judgment does not, in any respect, refer to or dispose of Nissan's claims against
codefendant, Thelma Martin, and no severance has been sought in this case. When a party is not
disposed of by a judgment, it is not final, and generally, only final decisions of trial courts are
appealable. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). 

 On July 23, 2003, we wrote a letter to the parties informing them it appeared the judgment
was not final and inviting them to, within ten days, show this Court how we had jurisdiction over
the appeal. We also warned the parties that, if a final judgment was not shown to exist, we had no
jurisdiction and would be required to dismiss the appeal.

 We have received no response from any source. Based on the record before us, we conclude
the judgment is not final and dismiss the appeal. 

 We dismiss the appeal for want of jurisdiction.



 Jack Carter

 Justice


Date Submitted: August 18, 2003

Date Decided: August 19, 2003



x. Crim. App. LEXIS 520 (Tex. Crim. App. Apr. 6, 2005). On
discretionary review, the Texas Court of Criminal Appeals, with three justices dissenting, reversed
because Goodspeed's counsel had not been "afforded an opportunity to explain his actions before
being denounced as ineffective" and because some hypothetical trial strategy might arguably support
counsel's conduct. Goodspeed, 2005 Tex. Crim. App. LEXIS 520, at *5. That court then remanded
this case for further proceedings. We now affirm the trial court's judgment.
I. Issues Presented
            Goodspeed contends he received ineffective assistance of counsel from his trial attorney,
because the attorney (A) filed "nonsensical pretrial pleadings," (B) "conducted no meaningful voir
dire examination" and exercised peremptory strikes on two previously excused panel members,
(C) "failed to subpoena the child's Mother until the morning of trial" and did not understand why the
child complainant's competency was an issue, (D) failed to make an adequate opening statement,
(E) cross-examined witnesses in such a way as to insinuate Goodspeed's guilt and solicited or
allowed testimony that bolstered the credibility of other witnesses; (F) failed to question the
complainant about playing sexual games with her cousin, and (G) failed to object to an improper jury
argument by the prosecutor. 
II. Standard of Review
            We review claims of ineffective assistance of counsel using the standard set forth in
Strickland v. Washington, 466 U.S. 668 (1984), and adopted for Texas constitutional claims in
Hernandez v. State, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986). We also note that the Texas
Court of Criminal Appeals has, for the most part, relegated claims of ineffective assistance to the
"the highly problematic and uncertain world of habeas corpus" review. See Goodspeed, 2005 Tex.
Crim. App. LEXIS 520, at *21 (Holcomb, J., dissenting). We now turn to each of Goodspeed's
complained-of areas of error.
III. Analysis
A. Pretrial Pleadings
            Goodspeed first alleges he received ineffective assistance because his trial counsel filed
"nonsensical pretrial pleadings." The complained-of filings include a motion to inspect medical
records and witness reports, a request for specific witnesses (to be summoned to give testimony at
a pretrial hearing), two motions to quash the indictment, and an objection to the State's notice of an
outcry witness.
            The motion to inspect medical records and witness reports was directly relevant to the case. 
Counsel asked for pictures taken by Cecilia Cole, the nurse who examined the victim, at the North
East Texas Child Advocacy Center. Cole would eventually testify at trial about these pictures and
her role as the sexual assault nurse examiner. The photographs were also admitted into evidence at
trial. Thus, the evidence sought through counsel's pretrial motion was directly relevant to counsel's
preparation for trial. 
            The second item—the request that specific witnesses be summoned for a pretrial
hearing—was relevant to Goodspeed's being able to present witness testimony. No ineffective
assistance of counsel has been shown.
            Similarly, counsel's motions to quash do not support Goodspeed's claim of ineffective
assistance. The motions to quash the indictment highlight that the original indictment was possibly
defective in two respects: the indictment arguably did not show the offense occurred within Bowie
County, and the indictment did not give the specific date of the offense alleged. If the trial court had
quashed the indictment based on either of trial counsel's motions, Goodspeed, who was incarcerated
at the time of filing, would have been freed from jail until the State could secure a new indictment. 
See, e.g., Rodriguez v. State, 42 S.W.3d 181, 185–86 (Tex. App.—Corpus Christi 2001, no pet.)
(granting of motion to quash generally results in dismissal of prosecution). And while an indictment
need not allege the exact date on which an offense occurred, see Tex. Code Crim. Proc. Ann. art.
21.02(6) (Vernon 1989), it would not be unsound trial strategy to narrow the State's needed proof
to a single offense date. Accordingly, we conclude there is at least a possible strategic reason
supporting counsel's decision to file the motions to quash.
            Counsel's final complained-of filing—a handwritten objection to the State's notice of outcry
witness—does seem to fall short of attacking the propriety of admitting testimony from an outcry
witness. Instead, the objection reads more like a pretrial motion for acquittal. But Goodspeed has
not demonstrated that filing this second motion to quash had any impact on the outcome of his trial. 
See Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Nor does the record before us
provide any insight into counsel's reasoning for filing this particular motion. Thus, we cannot
conclude counsel's pretrial motions support Goodspeed's claim of ineffective assistance of counsel.
B. Voir Dire and the Exercise of Peremptory Strikes on Previously Excused Members of Venire
            Goodspeed next complains that trial counsel's voir dire was ineffective because it resulted
in no challenges for cause to venire members Pettyjohn, Bradford, Overmeyer, Sims, Conkleton,
Burks, Elliot, or George. He also asserts that trial counsel was ineffective for using two of
Goodspeed's peremptory challenges on two members of the venire panel who had already been
excused for cause by the trial court. The Texas Court of Criminal Appeals has already ruled against
Goodspeed on this aspect of his claim. See Goodspeed, 2005 Tex. Crim. App. LEXIS 520, at *2–5.
C. Subpoenaing the Victim's Mother & Understanding Why Competency Was at Issue
            Goodspeed next contends his trial counsel provided ineffective assistance because counsel
did not subpoena the victim's mother until the morning of trial and because counsel "had no idea of
why the child's competency to testify as a witness was in issue . . . ." Goodspeed has not shown,
however, that such alleged misconduct was not the product of a reasoned trial strategy or that, but
for such conduct, Goodspeed would not have been convicted or would have otherwise received a
lesser punishment. Moreover, Goodspeed's trial counsel did test the victim's ability to distinguish
the truth, and counsel tested the victim about the circumstances surrounding her outcry in an obvious
attempt to cast doubt on the veracity of her claim—which does, at least, seem to discredit
Goodspeed's claim that counsel did understand why the complainant's competency was at issue. As
such, the record before us does not support Goodspeed's claim. 
D. Short Opening Statement
            Goodspeed next contends his trial counsel provided ineffective assistance by failing to make
a longer opening statement. Counsel's opening statement was, in fact, succinct:
Your Honor, as my client has steadfastly maintained his innocence from the date that
he was arrested -- August 11th of 2000 till the present time, he has denied that he
assaulted this child, and we will have some proof on that. Thank you.
Neither the choice of language nor the brevity of the statement suggests error in counsel's opening
statement. Counsel concisely articulated Goodspeed's defense strategy as one based on innocence,
a theme that would reappear during counsel's cross-examination of the State's witnesses, in
Goodspeed's own testimony, and as part of counsel's closing statement. In his brief to this Court,
Goodspeed has made no attempt to show that a longer opening statement would have resulted in an
acquittal or a shorter sentence. Accordingly, Goodspeed has not satisfied his burden of proof on
appeal.
E. Cross-Examination of the State's Witnesses and Solicitation of Bolstering Testimony
            Goodspeed next contends trial counsel improperly phrased cross-examination questions in
such a way that counsel's questioning served (1) to impliedly admit Goodspeed's guilt, (2) only to
support the State's case for conviction, and (3) to improperly bolster the testimony of the State's
evidence. Goodspeed further complains that counsel erred by asking a witness on cross-examination
whether she believed the complainant's outcry and by allowing the State to improperly bolster its
witnesses by questioning those testifying about the veracity of the State's other witnesses. Assuming,
without deciding, that Goodspeed's characterization of counsel's cross-examination is correct,
Goodspeed has made no showing that, absent such alleged errors, he would not have been convicted
or would have received a lesser sentence. Nor has trial counsel been afforded an opportunity to
explain his strategic reasons for asking these questions. Accordingly, we cannot sustain Goodspeed's
claim based on the record and briefing currently before this Court.
F. Failure To Fully Question the Complainant About Her "Play" with Kevin
            Goodspeed also argues, "Even though [the complainant's] account of the sexual game the
child had been playing with her cousin Kevin was the only other explanation for her injuries,
[counsel] failed to fully explore this possibility through her testimony." Goodspeed has neither made
an attempt to show or suggest the substance of this missing testimony, nor made an attempt to show
that such evidence would have necessarily resulted in an acquittal or a lesser sentence. Nor has trial
counsel had the opportunity to respond to these allegations, as required by the Texas Court of
Criminal Appeals. We, therefore, cannot say the record supports Goodspeed's claim.
G. Prosecutor's Closing Argument
            Finally, Goodspeed contends trial counsel's performance was deficient because counsel failed
to object to an allegedly improper jury argument by the State. Goodspeed's trial took place one week
after the terrorist attacks of September 11, 2001, in New York City, Pennsylvania, and
Washington, D.C. In closing argument, the prosecutor stated, without objection,
            You know, this last week has been a pretty amazing week for our country, and
it has been a time where people have united and come together to stand against those
who would perpetrate acts of terrorism against our country. And I'm standing here
before you in a little part of the country, and I'm asking the twelve of you to come
together and stand united against acts of terror, the act of terror that that man
perpetrated against one of our children. I'm asking you to do that and I'm asking you
to stop this girl's suffering. She has endured enough and it's time you all ended that
suffering, and the only way you can do that is to return a verdict of guilty. Thank
you.
 
            "Permissible areas of closing argument are: (1) summation of evidence presented at trial;
(2) reasonable deductions drawn from said evidence; (3) answers to opposing counsel's argument;
and (4) plea for law enforcement." Flowers v. State, 133 S.W.3d 853, 858 (Tex. App.—Texarkana
2004, no pet.). In this case, the prosecutor's argument arguably constituted a plea for law
enforcement. We cannot say counsel rendered ineffective assistance by failing to object to an
arguably permissible summation by the prosecutor.
IV. Conclusion
            For the reasons stated, we overrule Goodspeed's point of error and affirm the trial court's
judgment.
 
                                                                        Jack Carter
                                                                        Justice


Date Submitted:          May 26, 2005
Date Decided:             June 21, 2005

Publish