NO. 07-09-0225-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL E

 

OCTOBER 25, 2010

 

______________________________

 

 

INTERSTATE FIRE AND CASUALTY COMPANY AND 

UNITRIN COUNTY MUTUAL INSURANCE COMPANY, APPELLANTS

 

V.

 

GREAT WESTERN DRILLING LTD. D/B/A 

GREAT WESTERN DRILLING COMPANY, APPELLEE

 

_________________________________

 

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

 

NO. 07-04-20833; HONORABLE PAT PHELAN, JUDGE

 

_______________________________

 

Before CAMPBELL and PIRTLE, JJ. and BOYD, S.J.[1]

MEMORANDUM OPINION

            Pending before this
Court is a Motion to Dismiss and Remand in which the parties represent
they have reached a settlement and no longer wish to pursue this appeal.  The motion is signed by counsel for all
parties to this appeal.  Pursuant to Rule
42.1(a)(2)(B), we grant the motion, set aside the trial court's judgment as it
pertains to the parties to this appeal, and without passing on the merits of
the appeal, remand the cause to the trial court for the parties to effectuate
their settlement agreement.  Having granted
relief at the request of the parties, no motion for rehearing will be
entertained and our mandate will issue forthwith.

 

                                                                                    Patrick
A. Pirtle

                                                                                          Justice

 

 

 











[1]John
T. Boyd, Senior Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.  Tex. Gov't
Code Ann. § 75.002(a)(1) (Vernon 2005).

 








n-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 font-size:14.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#365F91;
 mso-bidi-language:EN-US;
 font-weight:bold;}
span.Heading1Char
 {mso-style-name:"Heading 1 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 1";
 mso-ansi-font-size:14.0pt;
 mso-bidi-font-size:14.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#365F91;
 font-weight:bold;}
span.Heading2Char
 {mso-style-name:"Heading 2 Char";
 mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 2";
 mso-ansi-font-size:13.0pt;
 mso-bidi-font-size:13.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;}
span.Heading3Char
 {mso-style-name:"Heading 3 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 3";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;}
span.Heading4Char
 {mso-style-name:"Heading 4 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 4";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
span.Heading5Char
 {mso-style-name:"Heading 5 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 5";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;}
span.Heading6Char
 {mso-style-name:"Heading 6 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 6";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;
 font-style:italic;}
span.Heading7Char
 {mso-style-name:"Heading 7 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 7";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.Heading8Char
 {mso-style-name:"Heading 8 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 8";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;}
span.Heading9Char
 {mso-style-name:"Heading 9 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 9";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.TitleChar
 {mso-style-name:"Title Char";
 mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Title;
 mso-ansi-font-size:26.0pt;
 mso-bidi-font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;}
span.SubtitleChar
 {mso-style-name:"Subtitle Char";
 mso-style-priority:11;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Subtitle;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 letter-spacing:.75pt;
 font-style:italic;}
span.QuoteChar
 {mso-style-name:"Quote Char";
 mso-style-priority:29;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Quote;
 color:black;
 font-style:italic;}
span.IntenseQuoteChar
 {mso-style-name:"Intense Quote Char";
 mso-style-priority:30;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Intense Quote";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
p.NewDocument, li.NewDocument, div.NewDocument
 {mso-style-name:"New Document";
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 mso-bidi-font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
span.BalloonTextChar
 {mso-style-name:"Balloon Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text";
 mso-ansi-font-size:8.0pt;
 mso-bidi-font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-ascii-font-family:Tahoma;
 mso-hansi-font-family:Tahoma;
 mso-bidi-font-family:Tahoma;
 mso-bidi-language:EN-US;}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.SpellE
 {mso-style-name:"";
 mso-spl-e:yes;}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 font-size:10.0pt;
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:Arial;
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:Arial;}
 /* Page Definitions */
 @page
 {mso-footnote-separator:url("07-10-0408.cr%20opinion_files/header.htm") fs;
 mso-footnote-continuation-separator:url("07-10-0408.cr%20opinion_files/header.htm") fcs;
 mso-endnote-separator:url("07-10-0408.cr%20opinion_files/header.htm") es;
 mso-endnote-continuation-separator:url("07-10-0408.cr%20opinion_files/header.htm") ecs;}
@page WordSection1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-title-page:yes;
 mso-footer:url("07-10-0408.cr%20opinion_files/header.htm") f1;
 mso-paper-source:0;}
div.WordSection1
 {page:WordSection1;}
-->








NO. 07-10-00408-CR; 07-10-00410-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
20, 2011

 



 

DERRICK LACY, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY;

 

NO. 1188762D, 1188765D; HONORABLE RUBEN GONZALEZ, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

ABATEMENT AND REMAND

            On
March 9, 2011, this Court received appellant’s motion to abate the appeals in
appellate cause numbers 07-10-00408-CR and 07-10-00410-CR to allow the trial
court to enter judgments nunc pro tunc.  In the motion, appellant contends that the
trial court orally sentenced appellant to confinement for two years in a state
jail facility, but erroneously entered judgment reflecting that appellant was
sentenced to two years confinement in the Institutional Division of the Texas
Department of Criminal Justice.  We now
abate cause numbers 07-10-00408-CR and 07-10-00410-CR and remand these causes
for further proceedings.

            The
trial court’s oral pronouncement of sentence as to the convictions in these
causes was:

And with regard to the State jail felony convictions, I hereby sentence
you to two years confinement in the Institutional Division of the Texas
Department of Criminal Justice State jail facility.

 

Thus, the trial court’s pronouncement
is ambiguous because it identifies the place of sentence in both the Institutional
Division and State Jail Facility.  As
such, the oral pronouncement specifies both a proper sentence (two years in a
state jail facility) and an improper sentence (two years in the Institutional
Division).  When an illegal oral sentence
is pronounced, but a valid sentence is included in the written judgment, the
valid sentence will be upheld.  See
Tufele v. State, 130 S.W.3d 267, 274 (Tex.App.—Houston [14th Dist.] 2004, no
pet.).  By analogy to Tufele,
when a trial court’s oral pronouncement ambiguously includes two mutually
exclusive components and one would make the sentence valid while the other
would be improper, we should uphold the portion of the pronouncement that will
make the sentence valid.  Thus, we construe
the trial court’s oral pronouncement to have sentenced appellant to two years incarceration in a state jail facility.  

We now abate the appeals in cause
numbers 07-10-00408-CR and 07-10-00410-CR, and remand these cases to the
district court to conduct a hearing to determine whether the judgments reflect
the sentences the trial court orally rendered. 
See Miller v. State, 2003 Tex.App.
LEXIS 3982, at *8-*9 (Tex.App.—Austin May 8, 2003)
(citing Rodriguez v. State, 42 S.W.3d 181, 186 (Tex.App.—Corpus
Christi 2001, no pet.).  If the trial court
finds that the entry of the judgments in these causes were the result of
clerical error, we direct the trial court to enter nunc
pro tunc judgments to reflect the proper sentence
orally pronounced.  

The trial court shall cause the
hearing to be transcribed.  In addition,
it shall cause to be developed a supplemental clerk’s record containing any nunc pro tunc judgments or other
orders entered by the trial court, and a supplemental reporter’s record
transcribing the evidence and arguments presented at the aforementioned
hearing, if any.  Additionally, the
district court shall then file the supplemental clerk’s and reporter’s records herein
ordered with the Clerk of this Court on or before June 20, 2011.  Should further time be needed by the trial
court to perform these tasks, then same must be requested before June 20, 2011.

It is so ordered.

                                                                                                Per
Curiam

 

Do not publish.