NO. 07-10-00408-CR; 07-10-00410-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 20, 2011

_____

DERRICK LACY, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY;

NO. 1188762D, 1188765D; HONORABLE RUBEN GONZALEZ, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

On March 9, 2011, this Court received appellant's motion to abate the appeals in appellate cause numbers 07-10-00408-CR and 07-10-00410-CR to allow the trial court to enter judgments nunc pro tunc. In the motion, appellant contends that the trial court orally sentenced appellant to confinement for two years in a state jail facility, but erroneously entered judgment reflecting that appellant was sentenced to two years confinement in the Institutional Division of the Texas Department of Criminal Justice. We now abate cause numbers 07-10-00408-CR and 07-10-00410-CR and remand these causes for further proceedings.

The trial court's oral pronouncement of sentence as to the convictions in these causes was:

> And with regard to the State jail felony convictions, I hereby sentence you to two years confinement in the Institutional Division of the Texas Department of Criminal Justice State jail facility.

Thus, the trial court's pronouncement is ambiguous because it identifies the place of sentence in both the Institutional Division and State Jail Facility. As such, the oral pronouncement specifies both a proper sentence (two years in a state jail facility) and an improper sentence (two years in the Institutional Division). When an illegal oral sentence is pronounced, but a valid sentence is included in the written judgment, the valid sentence will be upheld. See Tufele v. State, 130 S.W.3d 267, 274 (Tex.App.—Houston [14th Dist.] 2004, no pet.). By analogy to Tufele, when a trial court's oral pronouncement ambiguously includes two mutually exclusive components and one would make the sentence valid while the other would be improper, we should uphold the portion of the pronouncement that will make the sentence valid. Thus, we construe the trial court's oral pronouncement to have sentenced appellant to two years incarceration in a state jail facility.

We now abate the appeals in cause numbers 07-10-00408-CR and 07-10-00410-CR, and remand these cases to the district court to conduct a hearing to determine whether the judgments reflect the sentences the trial court orally rendered. See Miller v. State, 2003 Tex.App. LEXIS 3982, at *8-*9 (Tex.App.—Austin May 8, 2003) (citing Rodriguez v. State, 42 S.W.3d 181, 186 (Tex.App.—Corpus Christi 2001, no pet.). If the trial court finds that the entry of the judgments in these causes were the result of

2

clerical error, we direct the trial court to enter nunc pro tunc judgments to reflect the proper sentence orally pronounced.

The trial court shall cause the hearing to be transcribed. In addition, it shall cause to be developed a supplemental clerk's record containing any nunc pro tunc judgments or other orders entered by the trial court, and a supplemental reporter's record transcribing the evidence and arguments presented at the aforementioned hearing, if any. Additionally, the district court shall then file the supplemental clerk's and reporter's records herein ordered with the Clerk of this Court on or before June 20, 2011. Should further time be needed by the trial court to perform these tasks, then same must be requested before June 20, 2011.

It is so ordered.

Per Curiam

Do not publish.