Dan **FLETCHER**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 62442, 62443.

Court of Criminal Appeals of Texas, Panel No. 2.

June 9, 1982.

Jo Ann Doughtie, Houston, for appellant.

Carol S. Vance, Dist. Atty., Joan Fisher, R. K. Hansen and Paul Coselli, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and McCORMICK, JJ.

## OPINION

ROBERTS, Judge.

These are appeals from convictions of commercial obscenity. The appellant waived a jury trial in each case. The trial court found him guilty and assessed punishment in each case at confinement for thirty days and a fine of $1,000.

The appellant does not challenge the sufficiency of the evidence. In each case, he challenges the facial validity of the statute. At the time the appellant committed these offenses, V.T.C.A., Penal Code, Section 43.-23 provided:

"(a) A person commits an offense if, knowing the content of the material:

(1) he sells, commercially distributes, commercially exhibits, or possesses for sale, commercial distribution, or commercial exhibition any obscene material. . . ."

V.T.C.A., Penal Code, Section 43.21 provided:

"In this subchapter:

(1) 'Obscene' means having as a whole a dominant theme that:

(A) appeals to the prurient interest of the average person applying contemporary community standard;

(B) depicts or describes sexual conduct in a patently offensive way; and

(C) lacks serious literary, artistic, political, or scientific value.

\* \* \* \* \* \*

(3) 'Prurient interest' means an interest in sexual conduct that goes substantially beyond customary limits of candor in description or representation of such conduct. . . .

\* \* \* \* \* \*

(6) 'Sexual conduct' means:

(A) any contact between any part of the genitals of one person and the mouth or anus of another person;

(B) any contact between the female sex organ and the male sex organ;

(C) any contact between a person's mouth or genitals and the anus or genitals of an animal or fowl; or

(D) patently offensive representations of masturbation or excretory functions."

The appellant argues that the statute is vague and overbroad because the definition of "prurient interest" does not include the phrase "a shameful or morbid interest in nudity, sex or excretion." This contention has no merit. First, the phrase "a shameful or morbid interest" is no more precise or definite than is the statutory phrase "an interest .. that goes substantially beyond customary limits of candor". Moreover, in *Red Bluff Drive-In, Inc. v. Vance*, 648 F.2d 1020 (5th Cir. 1981), the United States Court of Appeals held that the current version of V.T.C.A., Penal Code, Section 43.21, which contains *no* definition of "prurient interest", is not constitutionally deficient. 648 F.2d at 1026.

Second, the definition of "prurient interest" contained in the statute at the time of the offense refers to an interest in "sexual conduct". The definition of "sexual conduct" contained in V.T.C.A., Penal Code, Section 43.21(6) encompasses three specific types of sexual contact and "patently offensive representations of masturbation or excretory functions." Thus, the statutory definition is far narrower and more specific than the phrase urged by the appellant: "nudity, sex or excretion."

For these reasons, we hold that V.T.C.A., Penal Code, Section 43.23 is neither vague nor overbroad on the grounds urged by the appellant.

The judgments are affirmed.