Steven Fredrick SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–90–00104–CR.

Court of Appeals of Texas, Dallas.

Jan. 23, 1991.

Thomas F. Clayton, Dallas, for appellant.

Pamela Sullivan Berdanier, Dallas, for appellee.

Before McCLUNG, ROWE and BURNETT, JJ.

## OPINION

ROWE, Justice.

A jury convicted Steven Fredrick Smith of the offense of promotion of obscene material and assessed a fine of $2,000. Appellant asserts six points of error, the first of which complains that his conviction cannot stand because the trial court declared the pertinent obscenity statutes unconstitutional and dismissed the case. Because the error alleged in the first point involves a question of jurisdiction, we remand the case for a hearing for the purpose of determining the circumstances underlying the trial court's action and accordingly abate this appeal.

Appellant filed a pretrial motion requesting the trial court to declare sections 43.21, 43.22, and 43.23 of the Texas Penal Code unconstitutional. *See* TEX.PENAL CODE ANN. §§ 43.21–43.23 (Vernon 1989). The motion also requested that this cause be dismissed. The transcript contains an order, apparently signed by the trial judge, stating that "the Court is of the opinion that the [motion] should be and it is hereby GRANTED." Appellant notes that no appeal was taken from this order. He maintains that this cause should therefore be "reversed and rendered."

The State acknowledges the existence of the order granting the motion but contends that the record shows that the trial court did not intend to grant the motion. The State notes that the motion was labeled "# 6" and that the statement of facts reveals that the trial judge orally denied the motion:

THE COURT:....

Do you want me to declare this section unconstitutional?

[APPELLANT'S TRIAL COUNSEL]: Yeah.

THE COURT: I deny motion number 6; note your exception.

The record shows that the proceedings continued through a trial and a final judgment of conviction; at no point during the proceedings in the trial court did anyone urge that the case had been dismissed. The State also notes that the obscenity statutes have previously been declared constitutional. *See Red Bluff Drive–In, Inc. v. Vance,* 648 F.2d 1020, 1036 (5th Cir.Unit A June 1981), *cert. denied,* 455 U.S. 913, 102 S.Ct. 1264, 71 L.Ed.2d 453 (1982); *Andrews v. State,* 652 S.W.2d 370, 382 (Tex.Crim.App. 1983); *Fletcher v. State,* 633 S.W.2d 895, 896 (Tex.Crim.App. [Panel Op.] 1982). Accordingly, the State argues that the record indicates that the written order granting the motion resulted from clerical error.

■ We first address the State's contention that appellant waived any error by failing to object to the continuation of the trial and by participating in the continuation of the trial. The problem with this position is the fact that dismissal of a case is a jurisdictional matter. When a trial court empowered with jurisdiction over a criminal case sustains a motion to dismiss an indictment or information, the accused is discharged; because of such a dismissal, there is no case pending against the accused and, accordingly, no jurisdiction remaining in the dismissing court. *State ex rel. Holmes v. Denson,* 671 S.W.2d 896, 898–99 (Tex.Crim.App.1984, orig. proceeding); *Garcia v. Dial,* 596 S.W.2d 524, 528 (Tex.Crim.App. [Panel Op.] 1980, orig. proceeding).[1] When there is no jurisdiction, a court has no power to act, and any action taken in the absence of jurisdiction is void. *Garcia,* 596 S.W.2d at 528. Although most rights and procedural matters may be waived, jurisdictional matters may not be waived. *Ex parte Smith,* 650 S.W.2d 68, 69 (Tex.Crim.App.1981); *Lackey v. State,* 574 S.W.2d 97, 100 (Tex.Crim.App. [Panel Op.] 1978); *Garza v. State,* 695 S.W.2d 726, 729 (Tex.App.—Dallas 1985), *aff'd,* 725 S.W.2d 256 (Tex.Crim.App.1987).

■ Thus, dismissal of a criminal case deprives the dismissing court of any further jurisdiction with respect to that case. Since appellant's point of error involves a question as to jurisdiction, we cannot agree that the alleged error has been waived.[2]

There is some support in the case law for the proposition that trial court actions that result from clerical (as opposed to judicial) error may be deemed ineffective. The Court of Criminal Appeals has recognized a distinction between clerical and judicial error and has held that trial judges can commit either kind of error. *See Moore v. State,* 446 S.W.2d 878, 880 (Tex.Crim.App. 1969). In the *Garcia* case, in holding that action taken in the absence of jurisdiction is void, the Court noted that the State did not assert, nor did the record suggest, that dismissal of the indictment constituted a

1. We perceive no meaningful or substantive distinction between dismissal of a criminal case and dismissal of an indictment or information in a criminal case.

Also, we note that there is at least one case indicating that a charging instrument may only be dismissed upon motion by the State. *See State v. Fox,* 772 S.W.2d 455, 457 (Tex.App.— Beaumont 1989, no pet.). The Beaumont court based its determination on article 32.02 of the Code of Criminal Procedure. *Id.; see* TEX.CODE CRIM.PROC.ANN. art. 32.02 (Vernon 1989). In our view, the Beaumont court's reading of article 32.02 is too broad. The provision authorizes dismissal of a criminal action upon the State's request if the presiding judge consents to the dismissal. However, article 32.02 does not provide that this procedure is the only means by which a criminal case may be dismissed.

Article 44.01(a)(1) of the Code of Criminal Procedure grants to the State the right to appeal the dismissal of an indictment or information. TEX.CODE CRIM.PROC ANN. art. 44.01(a)(1) (Vernon Supp.1991). But, if a charging instrument may be dismissed *only* at the request of the State, why would the State be granted permission to appeal from an error which it caused? This incongruous result could not have been intended by the legislature.

The better view is stated in the concurring opinion in the *Fox* case, wherein it is maintained that article 32.02 does not diminish a court's authority to dismiss or set aside a charging instrument upon a meritorious motion by the defendant. *See Fox,* 772 S.W.2d at 459 (Burgess, J., concurring); *see also State v. Chandler,* 767 S.W.2d 211, 212 & n. 5 (Tex.App.—Eastland 1989, no pet.) (indicating that a defective indictment may be dismissed at the defendant's request).

2. At the very least, we must determine whether the trial court's dismissal of the case was effective before we can determine whether the error asserted by appellant has been waived.

clerical error. Consequently, the Court treated the dismissal as a valid judicial act and did not address the effectiveness of a "clerical error" dismissal. *See Garcia*, 596 S.W.2d at 528 n. 6.

In another case in which the Court of Criminal Appeals drew a distinction between clerical and judicial error, a trial judge inadvertently signed an order granting the defendant's amended motion for new trial. *See English v. State*, 592 S.W.2d 949, 955 (Tex.Crim.App.), *cert. denied*, 449 U.S. 891, 101 S.Ct. 254, 66 L.Ed.2d 120 (1980). Three days later, he realized his error and attempted to set aside the order by writing on it: "The above order was signed inadvertently and *by mistake and the order was not intended to have any legal effect.*" The next day, another judge held a hearing to establish the facts underlying the signing of the order. The signing judge testified that he signed the order by mistake when various papers were handed to him while he was busy picking a jury and calling the docket. He stated that he did not intend to grant a new trial, knew nothing about the defendant's case, had held no hearing on the motion for new trial, and was mistaken as to the identity of the form he signed. The judge presiding at this hearing found that the order had been signed by inadvertence and mistake and that the signing judge did not intend to grant a new trial to the defendant. *Id.*

On appeal, the Court of Criminal Appeals determined that the trial judge had not knowingly granted the motion for new trial and then decided to change his decision. The Court held that the trial judge's error was not judicial error but was more akin to clerical error. As clerical error, it was subject to being corrected. *Id.* at 955–56.

In another case involving the granting of motions for new trial, two defendants moved for a new trial, alleging only that the evidence was insufficient to support their convictions. *See Moore v. State*, 749 S.W.2d 54, 56 (Tex.Crim.App.1988). By written orders, the trial judge granted both motions and later set the cases for another jury trial. The defendants filed writs of habeas corpus, maintaining that resetting of the cases violated the constitutional prohibitions against double jeopardy. The trial court determined that the motions for new trial had not been served upon the State and that his own action in granting the motions was improvident. He ordered that the motions for new trial be struck, that the orders granting them be abated, and that the judgments of guilty be reinstated. *Id.*

On appeal, the Court of Criminal Appeals stated that it was well established that, absent clerical errors, a trial court cannot rescind an order granting a new trial. The Court held that, once the motions were granted (which motions were based only on insufficiency of the evidence), the defendants were effectively acquitted, the controversy concerning their guilt had lapsed, and the jurisdiction of the trial court had also lapsed. Thus, the trial court had no jurisdiction to do anything other than enter judgments of acquittal. *Id.* at 58–59. The Court also noted that nothing in the record indicated that the trial judge had made a clerical error in granting the motions for new trial. *Id.*

In our view, the record in the case before us does contain indications of clerical error as described in the *English* case. The trial judge's oral ruling and his continuing on with the proceedings against appellant certainly suggest that he did not intend to dismiss this case. The absence of such intention would suggest that the granting of appellant's motion to dismiss was inadvertent.

■ Since the Court of Criminal Appeals has regarded civil cases as instructive in this area, *see Alvarez v. State*, 605 S.W.2d 615, 617 (Tex.Crim.App. [Panel Op.] 1980), we also examine the teachings of civil cases. The case law indicates that clerical errors may be corrected at any time, even if more than thirty days have elapsed since entry of the final judgment in the case. *See id.; Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56, 58 (Tex.1970). Errors are deemed clerical in nature if they do not come about as the product of judicial reasoning. *Alvarez*, 605 S.W.2d at 617;

*Wood v. Griffin & Brand of McAllen, Inc.*, 671 S.W.2d 125, 128 (Tex.App.—Corpus Christi 1984, no writ). Both judgments and orders containing clerical errors may be corrected, *see Texas Employers' Ins. Ass'n v. Pillow*, 268 S.W.2d 716, 718 (Tex.Civ. App.—Fort Worth 1954, writ ref'd n.r.e.), and the power to correct clerical errors at any time extends to orders dismissing cases. *See Knox v. Long*, 152 Tex. 291, 294–98, 257 S.W.2d 289, 291–93 (1953). The determination as to whether an error is clerical or judicial in nature is a question of law, and a trial court's finding or conclusion in this regard is not binding on an appellate court. *Alvarez*, 605 S.W.2d at 617; *Finlay v. Jones*, 435 S.W.2d 136, 138 (Tex.1968); *Wood*, 671 S.W.2d at 128.

■ Implicit in the holdings permitting the correction of clerical errors is the determination that the order or judgment resulting from the clerical error was never effective because it did not speak the truth and it did not correctly reflect the order or judgment actually rendered by the court. *See, e.g., Wood*, 671 S.W.2d at 128–29; *Conley v. Conley*, 229 S.W.2d 926, 928–29 (Tex.Civ.App.—Amarillo 1950, writ dism'd). Thus, correction of clerical errors properly involves only an undertaking to see that the record reflects the truth of what actually occurred; readjudication or reopening of the controversy is impermissible. *See Wood*, 671 S.W.2d at 128–29; *Conley*, 229 S.W.2d at 928–29.

■ As noted, we find some indications in the record that the order dismissing this case resulted from a clerical error. However, there has been no determination at the trial court level that the order of dis-missal appearing in the record was erroneously entered. Further, if the order was erroneously entered, those special circumstances making the error clerical and not judicial have not been adequately shown. Unlike other cases dealing with the issue of clerical versus judicial error, the parties in this case never addressed that issue before this appeal was taken. This Court may not make fact determinations. Thus, although the decision regarding the clerical or judicial nature of any error is a question of law, we must remand this case for fact determinations by the trial judge either that the order in question truthfully reflects what actually occurred or that the recitations in the order are inaccurate for certain specified reasons.

Accordingly, we remand this case for a hearing for the sole purpose of determining the circumstances surrounding the trial court's action with respect to appellant's motion number six. *If* it is determined that the case was erroneously ordered to be dismissed, the trial court should correct the erroneous order so that the record speaks the truth. The record of the hearing together with appropriate findings of fact related to the trial court's action, as well as any modifications to the record in this case, should then be promptly forwarded to this Court. We abate this appeal so that the foregoing may be accomplished.