# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-06-00030-CR
NO. 03-06-00031-CR

**Pedro Garrido, Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
NOS. D-1-DC-05-200906 & D-1-DC-05-300928,
HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Pedro Garrido of the offenses of possession of a controlled substance, *see* Tex. Health & Safety Code Ann. § 481.102(3)(D) (West Supp. 2006), .115 (West 2003), and endangering a child. *See* Tex. Penal Code Ann. § 22.041 (West Supp. 2006). Punishment was assessed at two years' confinement in state jail for endangering a child and five years' probation for possession of a controlled substance. In a single issue on appeal, Garrido asserts that the district court did not have jurisdiction to try his case because, prior to trial, the district court granted his motion to dismiss. We will abate the appeal with directions to the district court to conduct a hearing to determine whether its entry of a written order purporting to grant the motion to dismiss was a clerical error.

**BACKGROUND**

The underlying facts of this case are uncontested on appeal. On February 20, 2005, police officers responded to a report of a domestic disturbance involving Garrido and his wife or girlfriend, Iris Mauricio. Officers discovered Garrido and Mauricio outside in the courtyard of their apartment complex. Officer Glen Kreger testified that, after an initial investigation, he suspected that Mauricio was a victim of domestic violence and arrested Garrido for assault family violence. When he was placed in the patrol car, Garrido indicated to the officers that his children were inside the apartment. Officer Tracy Riley and Officer Daniel Rodriguez accompanied Mauricio into the apartment to check on the children and continue the investigation. Meanwhile, according to Kreger, a search of Garrido incident to arrest revealed a crack pipe in Garrido's front pocket.

Officer Rodriguez testified that, inside the apartment, Mauricio seemed disoriented and was unable to find clothing for the two children, both of whom were undressed. Rodriguez further testified that, while he was attempting to get information from Mauricio, one of the children crawled under the bed and pulled out a plate containing crack cocaine. Officer Riley testified that crack cocaine was also found in a clear bag in a closet.

On April 7, 2005, Garrido was indicted for possession of cocaine, a controlled substance, in an amount of four grams or more but less than two hundred grams. On June 16, 2005, Garrido was charged with two counts of abandoning and endangering a child by leaving cocaine accessible to his children. Mauricio was not indicted for any offense. Garrido pleaded not guilty to both indictments.

2

On October 18, 2005, in a pretrial hearing on Garrido's motion to suppress evidence, the district court made the following remark about Mauricio: "By the way, is she under indictment? She should be." The State's attorney replied, "Okay," but did not in any other way acknowledge the remark. Neither did Garrido, and the hearing continued. No other references to Mauricio were made during the hearing, although Garrido's attorney did mention at the end of the hearing that he intended to research the issue of "selective prosecution."

On November 23, 2005, Garrido filed a motion to dismiss, alleging the following:

> The State has engaged in discriminatory prosecution in violation of the 14th Amendment to the United States Constitution and its correlative right under the Texas Constitution in that it prosecuted the Defendant because of his gender, male, and failed to prosecute his wife, female, even though there was probable cause to arrest her and little or no cause to connect the Defendant to the alleged offense.

On the second page of the motion was an "Order for a Setting," which was left blank and was not signed by the district court. However, also attached to the motion, on a separate page, was an "Order," which read, "On _____, 2005, came on to be considered Pedro Garrido's Motion to Dismiss, and said motion is hereby (Granted) (Denied)." The district court filled in the date, November 28,[1] and circled the word "(Granted)."

No hearing was held on the motion, and the case proceeded to trial. No acknowledgment of the motion to dismiss was made by either the district court, the State, or Garrido at any point during the proceedings.

---

[1] We note that November 28, 2005 was the date the trial was scheduled to begin and the date jury voir dire was conducted.

After the jury found Garrido not guilty of the offense of abandoning a child but guilty of the offenses of endangering a child and possession of a controlled substance, and after punishment was assessed, Garrido filed a motion for new trial on December 30, 2005. The motion for new trial made no reference to the motion to dismiss. The motion for new trial was denied, and this appeal followed.

## DISCUSSION

In his sole issue on appeal, Garrido asserts that the district court had no jurisdiction to try his case because it had granted his motion to dismiss. On this ground, Garrido prays for an acquittal. The State responds that the record reflects an inadvertent clerical error by the district court and urges us to overrule Garrido's issue. Based on the record before us, we can grant neither party the relief it seeks.

The record reflects that, in a written order, the district court granted Garrido's motion to dismiss. "When a trial court empowered with jurisdiction over a criminal case sustains a motion to dismiss an indictment or information, the accused is discharged; because of such a dismissal, there is no case pending against the accused and, accordingly, no jurisdiction remaining in the dismissing court." *State v. Smith*, 801 S.W.2d 629, 631 (Tex. App.—Dallas 1991, pet. ref'd) (citing *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 898-99 (Tex. Crim. App. 1984, orig. proceeding)). If the dismissal was effective, the district court had no jurisdiction to try the case and Garrido must be acquitted. *See Garcia v. Dial*, 596 S.W.2d 524, 528 (Tex. Crim. App. 1980).

4

However, trial court actions that result from clerical errors may be deemed ineffective. *See, e.g., English v. State*, 592 S.W.2d 949, 955 (Tex. Crim. App. 1980); *Moore v. State*, 446 S.W.2d 878, 879-80 (Tex. Crim. App. 1969); *Smith*, 801 S.W.2d at 631. An error is clerical in nature if it did not come about as the product of judicial reasoning. *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980); *Rodriguez v. State*, 42 S.W.3d 181, 186 (Tex. App.—Corpus Christi 2001, no pet.). Whether an error is judicial or clerical in nature is a question of law. *Rodriguez*, 42 S.W.3d at 186.

The only indication in the record that the district court may have intended to dismiss the case was the judge's comment in a pretrial hearing that Mauricio "should" have been indicted. This comment is significant only because the motion to dismiss was based on an allegation of selective prosecution. On the other hand, there are other indicators in the record that the granting of the motion to dismiss was, as the State contends, an inadvertent clerical error. The fact that the trial proceeded as scheduled and was presided over by the same judge who signed the order of dismissal clearly suggests that the district court did not intend to dismiss the case. "The absence of such intention would suggest that the granting of appellant's motion to dismiss was inadvertent." *Smith*, 801 S.W.2d at 632. Also, the second page of the motion to dismiss contained an order for the judge to set a hearing on the matter, but this order was left blank and was never signed. It would be highly unusual for a trial judge to dismiss a case without first holding a hearing. Finally, the district court signed the order on the same day the trial began. The State asserts that, because there were several other motions pending before the court, "the trial judge could have easily signed the wrong order or circled the inappropriate decision to the order without realizing it."

5

However, despite the above indications of clerical error, "there has been no determination at the trial court level that the order of dismissal appearing in the record was erroneously entered." *Id*. at 633. This issue was never addressed by the parties or the district court prior to appeal. Although the determination of whether an error is clerical or judicial is a question of law, its resolution requires the examination of factual questions, and an appellate court "may not make fact determinations." *Id*. Therefore, the proper procedure is to "remand this case for fact determinations by the trial judge either that the order in question truthfully reflects what actually occurred or that the recitations in the order are inaccurate for certain specified reasons." *Id*.; *see Rodriguez*, 42 S.W.3d at 186.[2] We conclude that there is insufficient evidence in the record to rule on Garrido's issue.

## CONCLUSION

Accordingly, we abate this case and direct the district court to conduct a hearing to determine the circumstances surrounding its action concerning Garrido's motion to dismiss. "If it is determined that the case was erroneously ordered to be dismissed, the trial court should correct the erroneous order so that the record speaks the truth." *Smith*, 801 S.W.2d at 633. The record of the hearing, as well as the district court's findings of fact and any modifications to the record in this

---

[2] *See also Miller v. State*, No. 03-02-00648-CR, 2003 Tex. App. LEXIS 3982, at *8-9 (Tex. App.—Austin May 8, 2003, no pet.) (mem. op.) (not designated for publication).

case, should be forwarded to this Court not later than thirty days from the date of this judgment.

We abate this appeal for that purpose.

_____

Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Abated

Filed:   March 9, 2007

Do Not Publish

7