# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-06-00030-CR
NO. 03-06-00031-CR

**Pedro Garrido, Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
NOS. D-1-DC-05-200906 & D-1-DC-05-300928,
HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Pedro Garrido of the offenses of possession of a controlled substance, *see* Tex. Health & Safety Code Ann. §§ 481.102(3)(D) (West Supp. 2006), .115 (West 2003), and endangering a child. *See* Tex. Penal Code Ann. § 22.041 (West Supp. 2006). Punishment was assessed at two years' confinement in state jail for endangering a child and five years' probation for possession of a controlled substance. In a single issue on appeal, Garrido asserts that the district court did not have jurisdiction to try his case because, prior to trial, the district court granted his motion to dismiss. We affirm.

We previously abated and remanded these causes to the district court for a determination of whether entry of a written order purporting to grant Garrido's motion to dismiss

was clerical error.[1] The district court has since concluded that the written order was clerical error and entered a judgment nunc pro tunc correcting the same.

Because the district court found that its order ostensibly granting the motion to dismiss was clerical error, and because the judgment nunc pro tunc corrects the order so that it reflects that the court denied the motion to dismiss, Garrido's argument that the court was without jurisdiction to enter judgment because it had dismissed the indictments fails. *See Smith v. State*, 801 S.W.2d 629, 633 (Tex. App.—Dallas 1991, no pet.) (power of court to correct clerical error exists at any time).

We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: June 13, 2007

Do Not Publish

_____

[1] *See Garrido v. State*, Nos. 03-06-00030-CR & 03-06-00031-CR (Tex. App—Austin March 9, 2007) (order abating and remanding for hearing).