# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00400-CR

**Craig Jerry Stepan, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
## NO. 60726, HONORABLE JOE CARROLL, JUDGE PRESIDING

## O P I N I O N

Appellant Craig Jerry Stepan was convicted of possessing less than one gram of methamphetamine and sentenced to twenty-one months in state jail. *See* Tex. Health & Safety Code Ann. § 481.115(a), (b) (West 2003). The trial court subsequently signed an order granting appellant's motion for new trial, but the court later rescinded that order on the ground that it had been signed by mistake. *See* Tex. R. App. P. 21.8(b) (new trial must be granted by written order). In his only point of error, appellant contends that the trial court was not authorized to vacate or rescind the new trial order. We overrule this contention and affirm the judgment of conviction.

Appellant was tried and sentenced on April 10, 2007. On April 16, his counsel filed a motion for new trial alleging that appellant's guilty plea had been involuntary. Attached to the motion was a prepared order reading, "On _____, 2007, came on to be considered Craig Jerry Stepan's Motion for New Trial and Motion in Arrest of Judgment, and said motion is hereby

(Granted) (Denied)." The trial court set a hearing on the motion for new trial for May 2, but the record reflects that the hearing was never held.

On May 9, 2007, the court conducted a hearing on defense counsel's motion to withdraw, which had also been filed on April 16, and orally granted the motion. The court also signed the prepared order attached to the motion for new trial. The court entered the May 9 date and circled the word "Granted."

On June 28, 2007, the court signed a "nunc pro tunc order sua sponte correcting previous order signed by mistake on May 9, 2007." This order reads:

> Whereas on May 9, 2007, a hearing was conducted on the Defendant's Attorney's Motion to Withdraw in the above case. At the conclusion of the hearing said motion was granted on the record in open court, but the order was not signed.
>
> On May 9, 2007, no hearing was conducted on Defendant's Motion for New Trial, but the Order granting the new trial was signed. The court mistakenly signed the wrong order.
>
> Now therefore the court enters this Order Nunc Pro Tunc correcting the record to show that the attorney's Motion to Withdraw was and is granted and the Defendant's Motion for New Trial was not heard or ruled upon.
>
> Furthermore, the Order Granting the New Trial signed on May 9, 2007, is hereby vacated and set aside as being mistakenly signed.

On the same date, the court wrote on the face of the May 9 new trial order, "Signed by mistake" and "Intended to sign order granting atty mot. to W/D." Appellant thereafter gave notice of appeal.

Citing *Awadelkariem v. State*, 974 S.W.2d 721, 728 (Tex. Crim. App. 1998), appellant argues that a trial court may set aside an order granting a motion for new trial only during the seventy-five day period prescribed by rule for granting or denying such motions.

2

*See* Tex. R. App. P. 21.8(a) (court must rule on motion for new trial within seventy-five days after sentence imposed or suspended in open court). June 28, 2007, was the seventy-ninth day after appellant's sentence was imposed. Thus, appellant contends that the trial court's order setting aside the May 9 order granting the motion for new trial is void. In order to understand the holding in *Awadelkariem* and why we conclude that appellant's reading of it is incorrect, we must review two earlier opinions regarding the finality of an order granting a new trial.

In *Matthews v. State*, 50 S.W. 368 (Tex. Crim. App. 1899), the trial court granted the defendant's motion for new trial on the day after he was convicted of cattle theft. *Id*. Later that same day, the trial court signed an order setting aside the new trial order and overruling the motion for new trial. *Id*. In this later order, the court stated that the previous order had been made "under a misapprehension of the evidence complained of by defendant in his motion." *Id*. The court of criminal appeals held that the trial court was without authority to set aside its original order: "[T]he action of the court on the motion [for new trial] ought to be regarded as final, and . . . the court would have no authority, after he had granted the motion for new trial, afterwards, on the same day or on some other day of the term, to again call the case up, set the order aside granting the motion, and overrule it." *Id*. at 369.

The holding in *Matthews* was reconsidered in *English v. State*, 592 S.W.2d 949 (Tex. Crim. App. 1980). In *English*, a visiting judge sitting for the judge who presided over the defendant's trial signed an order granting the defendant's amended motion for new trial. *Id*. at 955. Three days later, the visiting judge wrote on the face of this order that it "was signed inadvertently and by mistake and the order was not intended to have any legal effect." *Id*. At a hearing, the

3

following day before the regular trial judge, the visiting judge testified that the order was among a group of papers that had been handed to him (while on the bench) for his signature, he did not intend to grant the defendant a new trial, he knew nothing about the defendant's case, no hearing had been held on the motion for new trial, and he had been under the impression that he was signing an order granting leave to file the amended motion. *Id*. The regular trial judge found that the order granting the new trial was void. *Id*. The defendant challenged this ruling, citing *Matthews*. *Id*. The court of criminal appeals ruled that *Matthews* was distinguishable:

> In *Matthews* it appears that the trial court granted the defendant's motion for new trial, then attempted to set aside its order because it had been under a "misapprehension of the evidence complained of by defendant in his motion for new trial." The instant case is distinguishable. The court in this case did not knowingly grant the motion for new trial and then decide to retract its decision. The court was not even aware that it was granting a motion for new trial when it signed the order. No hearing was held in this case; no evidence was adduced from which the court could have knowingly granted a new trial. The signing of an order form is not all there is to granting a new trial.
>
> Further, the court's error in this case does not strike us as a judicial error, as certainly was the case in *Matthews*. The error here is more akin to clerical error, which can be corrected.

*Id*. 955-56. In clarifying its holding, the court in *English* overruled *Matthews* to the extent that it could be construed to conflict with its holding. *Id*. at 956. Thus, under *Matthews* as modified by *English*, the rule was established that "a trial court cannot rescind an order granting a new trial absent clerical errors." *Ex parte Drewery*, 677 S.W.2d 533, 536 (Tex. Crim. App. 1984).

This remained the rule until *Awadelkariem*. In that case, the defendant, after pleading not guilty, was convicted of the charged offense and sentenced to eight years' imprisonment,

4

probated. 974 S.W.2d at 722. Later that day, the defendant and his counsel approached the trial court and offered to change his plea to guilty if the court would grant him deferred adjudication. *Id*. at 723. The court agreed and signed an order granting the defendant a new trial. *Id*. The defendant later reneged on his promise to enter a guilty plea, and the trial court rescinded its new trial order. *Id*. The court of appeals, citing *Matthews*, held that the trial court was not authorized to set aside the order granting a new trial that it had knowingly and deliberately signed. *Id*.[1] The court of criminal appeals, after tracing the history of the *Matthews* rule through *English* and other later opinions, and after discussing the practice in other jurisdictions and in Texas civil cases, concluded that "the *Matthews* rule, having always rested on questionable foundations, is no longer viable." *Id*. at 728. The court continued:

> Nevertheless, . . . [we] conclude that a time limitation must exist on the power to rescind a new trial order. The appellate rules give a trial court 75 days after judgment is imposed or suspended in open court to rule upon a motion for new trial.[2] We hold that an order granting or denying a motion for new trial may be freely rescinded so long as such action occurs within the 75 days provided by the rules (i.e., current Rule 21.8(a) & (c)); to the extent that *Matthews* and its progeny were held to apply during this time period, they are overruled. However, after the 75 day period expires, an order granting or denying a new trial becomes "final," and *Matthews* and its progeny control.

*Id*. Because the trial court rescinded its order granting Awadelkariem a new trial within the seventy-five days allowed by rule 21.8, the recision was effective. *Id*.

---

[1] *See Awadelkariem v. State*, No. 05-95-00779-CR, 1997 Tex. App. LEXIS 1754, at *10-11 (Tex. App.—Dallas Apr. 4, 1997) (not designated for publication).

[2] The court is using the term "judgment" synonymously with the term "sentence." Per Texas Rule of Appellate Procedure 21.8, the time limit begins to run when *sentence* is imposed or suspended in open court.

In summary, before *Awadelkariem*, a trial court could not set aside an order granting a new trial that it had knowingly and intentionally signed, even if it had done so under a misapprehension of the pertinent facts or law (*Matthews*), but a trial court could set aside a new trial order that it had unintentionally and inadvertently signed (*English*). After *Awadelkariem*, a trial court may freely set aside an order granting a motion for new trial, regardless of the circumstances under which it was signed, so long as the court acts within the seventy-five day period after sentence is imposed.

Appellant argues that the *Awadelkariem* opinion should be read to create a bright-line, seventy-five day period within which an order granting a new trial can be changed and outside of which it is final and cannot be altered for any reason. However, contrary to appellant's interpretation of *Awadelkariem*, the trial court does not lose *all* authority to revisit an order granting a new trial after the seventy-five day period has expired. Instead, according to *Awadelkariem*, after the expiration of seventy-five days, "*Matthews* and its progeny control." *Id*. We read this to mean that the court of criminal appeals intended to overrule the pre-*Awadelkariem* rule for the seventy-five day period after sentence is imposed, and then to revert to the pre-*Awadelkariem* rule after the seventy-five day period ends. This would include not only *Matthews*, but also *English* and other post-*Matthews* "clerical error" opinions discussed in *Awadelkariem* as the "progeny" of *Matthews*. Therefore, we believe that the most comprehensive reading of *Awadelkariem* is that within seventy-five days following the imposition of sentence, an order granting a motion for new trial can be freely revisited and set aside, but after the seventy-five days, an order granting a motion for new trial can be set aside only if it was inadvertently signed as a result of clerical error. Otherwise, we would be

6

reading the phrase "and its progeny" (when referring to *Matthews*) out of the *Awadelkariem* opinion.[3]

The circumstances of this case are substantially the same as those presented in *English*. The trial court never intended to grant appellant's motion for new trial; indeed, for the reasons stated in *English*, it could be argued that the motion was never actually granted. Instead, it is apparent from the record that the trial court inadvertently signed the May 9 new trial order believing that it was signing an order granting defense counsel's motion to withdraw. We hold that because the May 9 order was signed as a result of clerical error rather than judicial error, the trial court was authorized to set it aside even after the time for acting on the motion for new trial had expired. *See State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994) (stating that trial court may use nunc pro tunc procedure to correct clerical error in order even after expiration of its plenary power).

The point of error is overruled, and the judgment of conviction is affirmed.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Waldrop and Henson

Affirmed

Filed:   January 17, 2008

Publish

_____

[3] Had the court of criminal appeals intended a bright-line, seventy-five day cut-off for the trial court's power to revisit an order granting a new trial, there would have been no need to mention the "progeny" of *Matthews*, i.e. *English* and following cases. The court would simply have stated that, after the expiration of the seventy-five day period, the rule set out in *Matthews* controlled. While such a rule of absolute finality is arguably viable, it does not appear to be the rule that the court adopted.