02-12-417-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00417-CR

 

 









 
 
 Ex
 parte Larry Gene Cross
  
  
  
  
  
  
  
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From County Criminal
 Court No. 7
  
 of
 Tarrant County (1194614)
  
 February
 28, 2013
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is reversed and this case is remanded to the trial court for a new
trial or for further proceedings consistent with this opinion.

 

SECOND DISTRICT COURT OF APPEALS

 

 

 

PER CURIAM

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00417-CR

 

 


 
 
 Ex parte
  
 Larry Gene Cross
 
 
  
 
 
  
  
 
 
 
 
  
  
 
 
 
 
  
 
 
  
 
 
  
 
 


 

 

------------

 

FROM County Criminal Court No. 7
OF Tarrant COUNTY

 

------------

MEMORANDUM
OPINION[1]

------------

Appellant
Larry Gene Cross was convicted of driving while intoxicated and was assessed
punishment of $400 fine and ninety days’ confinement on March 23, 2011.  The
trial court suspended imposition of the sentence and placed Cross on community
supervision for twelve months.  Cross timely filed a motion for new trial on
April 21, 2011.  The trial court signed an order granting Cross’s motion for
new trial on May 25, 2011, but on August 10, 2011, the trial court set aside
the order granting a new trial.  At a hearing on October 5, 2011, the trial court
stated that it had granted the motion for new trial “in error” and was
rescinding and setting aside the order granting new trial.[2]

On
April 21, 2012, Cross filed an application for writ of habeas corpus.  See
Tex. Code Crim. Proc. Ann. art. 11.072 (West 2005).  Cross claimed that the
trial court lacked authority to rescind its order granting a new trial because
it did so after its plenary power had expired, more than seventy-five days
after it had placed Cross on community supervision.  See Tex. R. App. P.
21.8(a) (“The court must rule on a motion for new trial within 75 days after
imposing or suspending sentence in open court.”).  The trial court denied
Cross’s application for a writ of habeas corpus by written order and adopted
the State’s amended proposed memorandum, findings of fact, and conclusions of
law.  Cross now appeals the denial of his application for a writ of habeas
corpus.  See Tex. Code Crim. Proc. Ann. art. 11.072, § 8; Tex. R. App.
P. 31.1–.7.

Within
seventy-five days following imposing or suspending sentence in open court, an
order granting a motion for new trial can be freely revisited and set aside,
but after the seventy-five-day period has expired, an order granting a motion
for new trial can be set aside only if it was inadvertently signed as a result
of clerical error.  Stepan v. State, 244 S.W.3d 642, 643–46 (Tex.
App.—Austin 2008, no pet.); see Awadelkariem v. State, 974 S.W.2d
721, 728 (Tex. Crim. App. 1998).  A clerical error does not result from
judicial reasoning.  Alvarez v. State, 605 S.W.2d 615, 617 (Tex. Crim.
App. [Panel Op.] 1980); see also English v. State, 592 S.W.2d
949, 955–56 (Tex. Crim. App.) (reasoning that trial court’s grant of a motion
for new trial when it was not aware that it was doing so was akin to clerical
error), cert. denied, 449 U.S. 891 (1980).

Here,
because the trial court rescinded its order granting a new trial outside of the
seventy-five-day timeframe, it could only do so to correct a clerical error.  See
Awadelkariem, 974 S.W.2d at 728; Stepan, 244 S.W.3d at 643–46.  The
record on appeal originally did not reflect whether the trial court’s granting
Cross a new trial was based on a clerical or a judicial error, so we abated
this case and remanded to the trial court for additional findings and
conclusions.[3]
 After an abatement hearing, the trial court adopted the parties’ joint
proposed findings of fact, which show the following.  After Cross was convicted
of driving while intoxicated, his attorney presented his motion for new trial
to the presiding judge who was not familiar with the case because a visiting
judge had presided over Cross’s trial.  The presiding judge “thought that
Cross’s case was a case where he pled guilty and received probation”; in the
presiding judge’s experience, “sometimes defendants who have pled guilty and
received probation change their mind and decide instead to serve jail time,” in
which case, motions for new trial are “routinely granted with a notation to
re-plead the case for jail time.”  The presiding judge decided to grant the
motion for new trial “in the late afternoon rush with multiple people in chambers”;
she “does not remember if [Cross’s attorney] stated the reason Cross wanted a
new trial.”  The judge’s decision to sign the order granting Cross a new trial
was based on a miscommunication between her and Cross’s attorney; she was aware
that she was granting a new trial and made a conscious decision to do so.

These
findings show that the trial judge’s granting Cross a new trial was not the result
of a clerical error; she decided to grant a new trial, upon defense counsel’s
request, because she thought Cross no longer wanted community supervision.  But
because the trial court rescinded its order granting a new trial more than
seventy-five days after placing Cross on community supervision, the trial court
did not have the power to do so.[4] 
See Awadelkariem, 974 S.W.2d at 728; Stepan, 244 S.W.3d at 643–46;
see also Tex. R. App. P. 21.8(a).  We reverse the trial court’s August
10, 2012 judgment denying Cross’s application for a writ of habeas corpus and
remand the case for a new trial or further proceedings consistent with this
memorandum opinion.  See Tex. R. App. P. 31.3.

 

PER CURIAM

 

 

PANEL: 
WALKER, MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: 
February 28, 2013









[1]See Tex. R. App. P. 47.4.





[2]The trial court also
stated on the record that Cross was first notified of the court’s rescindment
of its order granting a new trial on the day of the hearing, October 5, 2011.






[3]The findings and
conclusions that the trial court adopted when it denied Cross’s application for
a writ of habeas corpus state that the court granted a new trial “based on a
misunderstanding from the applicant’s counsel”; they do not state what that
“misunderstanding” was or otherwise give insight into the trial court’s reason
for setting aside the order granting new trial. 





[4]The clerk’s record
does not contain a written order setting aside the order granting a new trial,
but the docket sheet includes the following entries:  on August 10, 2011,
“Order for New Trial set aside.  Case set for a hearing”; and on October 6,
2011, “Order to vacate Judgment rescinded.  Original sentencing stands.”  In
our abatement order, we questioned whether a written order was required to
rescind the order granting a new trial, see Tex. R. App. P. 21.8(b)
(requiring a written order to grant a motion for new trial; a docket entry does
not suffice), but because we decide that the trial court lacked the power to do
so in any event, we need not address this issue.