COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | | |
|---|---|---|---|
| CHRISTOPHER JACKARD STEVENS, | § | No. 08-14-00042-CR | |
| Appellant, | § | Appeal from the | |
| v. | § | 401st District Court | |
| THE STATE OF TEXAS, | § | of Collin County, Texas | |
| Appellee. | § | (TC# 380-82267-10) | |
| | § | | |

## **O R D E R**

Pending before the Court is Appellant's motion to dismiss the appeal pursuant to TEX.R.APP.P. 42.2(a). The stated basis for the motion to dismiss is that the trial court granted Appellant's motion for new trial and in arrest of judgment. The State has filed a response requesting that we hold the motion to dismiss in abeyance because the trial court, on December 19, 2013, signed one order denying the motion for new trial and another order granting it. The State requests that we abate the appeal and order the trial court to clarify its ruling. Appellant objects to the State's request.

Appellant has two appeals pending before us, 08-14-00041-CR (trial court cause number 380-81232-08) and 08-14-00042-CR (trial court cause number 380-82267-10). The clerk's record has not yet been filed in either appeal. It appears the trial court granted the State's motion

to adjudicate in cause number 380-81232-08 (08-14-00041-CR) and sentenced Appellant to imprisonment in TDCJ-ID for ten years. The trial court revoked Appellant's probation in cause number 380-82267-10 (08-14-00042-CR) and sentenced Appellant to imprisonment in TDCJ-ID for two years. The sentence in each of these cases was imposed on November 20, 2013.

Appellant filed a motion for new trial and in arrest of judgment in each case. On December 19, 2013, the trial court signed an order granting Appellant's motion for new trial and in arrest of judgment. Both trial court cause numbers are listed at the top of the order. On that same date, the trial court signed an order denying Appellant's motion for new trial and in arrest of judgment. Again, both trial court cause numbers are listed at the top of the order. Appellant has provided the Court with a print-out of Collin County's case management system for both of his cases. Even though the orders have both cause numbers on them, the order granting the motion for new trial was filed on January 6, 2014 only in cause number 380-81232-08 (08-14-00041-CR) while the order denying the motion was filed only in cause number 380-82267-10 (08-14-00042-CR) on that same date. The record does not reflect why the trial court clerk filed the orders in this manner.

Appellant contends it is "clear" that the order granting the motion for new trial applied only to cause number 380-1232-08 (08-14-00041-CR), yet he has moved to dismiss both of his appeals on the ground that the trial court granted a new trial in each case. If the trial court granted Appellant a new trial in each case, the appeals are moot and we are compelled to dismiss them. On the other hand, if the trial court erroneously signed the order granting the new trial in each case, or if the court intended to only grant a new trial in one of the cases, Appellant is forfeiting his right to appeal by moving to dismiss.

The only thing clear in this case is that it is unclear what the trial court intended by

signing one order which granted a new trial and by signing a second order which denied the same motion for new trial. These orders cannot validly co-exist as written. Appellant argues that any error in the granting of the motion for new trial cannot be corrected because the State did not file a motion to reconsider or notice of appeal. These are not the only methods of correcting an erroneous order granting a new trial. An order granting a motion for new trial can be freely revisited and set aside within seventy-five days following the imposition of sentence in open court. *Stepan v. State*, 244 S.W.3d 642, 643-46 (Tex.App.--Austin 2008, no pet.). In this case, the seventy-five day period expired on February 3, 2014. After the seventy-five-day period has expired, an order granting a motion for new trial can be set aside only if it was inadvertently signed as a result of clerical error. *Stepan*, 244 S.W.3d at 643-46. A clerical error does not result from judicial reasoning. *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex.Crim.App. [Panel Op.] 1980). In *English v. State*, the Court of Criminal Appeals held that a trial court, which acted inadvertently in signing order granting the defendant's motion for a new trial, had authority to correct its mistake by setting aside the order, because it was in the nature of a clerical error. *English v. State*, 592 S.W.2d 949, 955–56 (Tex.Crim.App. 1980).

Under the unusual circumstances presented by this case, we abate the appeal and direct the trial court to correct any clerical errors in the orders granting and denying Appellant's motion for new trial. The trial court may, if necessary, conduct a hearing in order for the parties to be heard on the matter. The trial court may also enter written findings of fact and conclusions of law. The trial court shall file the corrected and/or clarification orders and the findings of fact and conclusions of law, if any, with the trial court clerk who shall prepare and file with this Court a supplemental clerk's record containing same. The supplemental clerk's record is due to be filed in this Court no later than ten days after the trial court files the order with the trial court clerk.

3

In the event a hearing is held, the court reporter is directed to prepare a transcription of the hearing and file it with this Court within ten days after the hearing is concluded.


February 12, 2014

                                          YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.