**AFFIRM; and Opinion Filed January 24, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00120-CR

**JAMES BILBRO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F15-23845-K**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Fillmore, and Stoddart
Opinion by Justice Fillmore

James Bilbro was charged by indictment with manufacture or delivery of a controlled substance, methamphetamine, in an amount of 400 grams or more. The indictment also alleged Bilbro used or exhibited a deadly weapon during the offense. Bilbro entered an open plea of guilty to the charged offense, and pleaded true to the deadly weapon allegation. The trial court found Bilbro guilty of the offense, made an affirmative deadly weapon finding, and assessed punishment of fifteen years' confinement. On November 1, 2016, Bilbro filed a motion for new trial, which the trial court granted on the same day. On December 19, 2016, the trial court entered an order rescinding its November 1, 2016 order on the grounds "[t]he Court inadvertently granted Defendant's Motion for New Trial," and denying Bilbro's motion for new trial. In response, Bilbro filed a motion to reconsider, which was denied. In a single issue, Bilbro contends the trial court

erred in rescinding its November 1, 2016 order granting a new trial without conducting a hearing. We affirm the trial court's judgment.

"A judge may commit clerical error as well as judicial error." *Moore v. State*, 446 S.W.2d 878, 880 (Tex. Crim. App. 1969); *Smith v. State*, 801 S.W.2d 629, 631 (Tex. App.—Dallas 1991, no pet.). "[C]lerical error . . . can be corrected" by the trial court. *English v. State*, 592 S.W.2d 949, 956 (Tex. Crim. App. 1980); *see also Rodriguez v. State*, 42 S.W.3d 181, 186 (Tex. App.—Corpus Christi 2001, no pet.) ("Clerical errors in both judgments and orders are subject to being corrected."). Judicial error is the product of judicial reasoning arising from a mistake in law or fact. *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994); *Cornealius v. State*, 870 S.W.2d 169, 176 (Tex. App.—Houston [14th Dist.] 1994), *aff'd*, 900 S.W.2d 731 (Tex. Crim. App. 1995). Clerical error does not arise from judicial reasoning. *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007). The trial court may correct the entry of an order that incorrectly states the court's intent. *English*, 592 S.W.2d at 955–56. The trial court's inadvertent grant of a motion for new trial is a clerical error the trial court may rescind and correct. *Id.* (trial court may correct order "signed by inadvertence and mistake . . . [where judge] had no intention of granting a new trial."); *see also Kirk v. State*, 454 S.W.3d 511, 513 n.10 (Tex. Crim. App. 2015) (recognizing trial court's authority to rescind an order granting a new trial that was the result of clerical error).

The December 19, 2016 order states that because "[the] Court inadvertently granted Defendant's [November 1, 2016] Motion for New Trial . . . the Court's order granting Defendant's Motion for New Trial is RESCINDED and Defendant's Motion for New Trial is DENIED." No hearing was held on the motion for new trial; no evidence was adduced from which the trial court could have knowingly granted a new trial. *English*, 592 S.W.2d at 955 ("The signing of an order form is not all there is to granting a new trial."). The trial court did not intend to grant Bilbro's motion for new trial, and properly corrected its clerical error without holding a hearing. *Stepan v.*

*State*, 244 S.W.3d 642, 643 (Tex. App.—Austin 2008) (concluding trial court did not err in rescinding order granting a motion for new trial for which no hearing was held with a "nunc pro tunc order sua sponte correcting the previous order signed by mistake" and affirming trial court's judgment without requiring further hearing). Requiring the trial court to hold a hearing concerning the propriety of rescinding its December 19, 2016 order in this case would be a "useless task" because the outcome would not change. *See Homan v. Hughes*, 708 S.W.2d 449, 454–455 (Tex. Crim. App. 1986) (requiring trial court to hold a hearing on the propriety of entering an order nunc pro tunc would be a "useless task" because trial court's actions would remain unchanged).

We affirm the trial court's judgment.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

170120F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES BILBRO, Appellant

No. 05-17-00120-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 4, Dallas County, Texas,
Trial Court Cause No. F15-23845-K.
Opinion delivered by Justice Fillmore, Justices Lang-Miers and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 24th day of January, 2018.